**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIKHAIL ABDELNOUR, | No. 08-70913 |
| Petitioner, | |
| v. | Agency No. A076-326-873 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Mikhail Abdelnour, a native and citizen of Syria, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We

have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of motions to reopen. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). We deny the petition for review.

As an initial matter, we decline to consider Abdelnour's challenge to the BIA's 2003 order affirming the immigration judge's decision denying Abdelnour's original application for asylum, withholding of removal, and CAT relief because it has already been considered and rejected by this court in *Abdelnour v. Ashcroft*, No. 03-71488 (9th Cir. Sept. 7, 2004). *See Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (explaining under the 'law of the case doctrine' one panel of an appellate court will not reconsider questions which another panel has decided on a prior appeal in the same case).

The BIA did not abuse its discretion in denying Abdelnour's motion to reopen because it was untimely, *see* 8 C.F.R. § 1003.2(c)(2), and Abdelnour failed to present sufficient evidence of changed circumstances in Syria to qualify for the regulatory exception to the time limit for filing motions to reopen, 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi*, 538 F.3d at 996 (requiring movant to produce material evidence with motion to reopen that conditions in country of nationality had changed).

**PETITION FOR REVIEW DENIED.**